Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| RICARDO J. SUÁREZ MARTÍNEZ<br><br>Parte Recurrida<br><br>v.<br><br>ESTHER L. GAUTIER TORRES; GERARDO E. OLIVERA HERNÁNDEZ Y OTROS<br><br>Parte Peticionaria | KLCE202300614 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2021CV00662<br><br>Sobre: Partición Judicial de Herencia |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2023.

La parte peticionaria, Esther Lydia Gautier Torres y Gerardo Enrique Olivera Hernández, solicita que revoquemos la *Sentencia*[1] emitida el 1 de marzo de 2023, notificada el 7 de marzo de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Carolina. Mediante el referido dictamen, el TPI atendió las mociones de sentencia sumaria presentadas por las partes y declaró nula una escritura de donación hecha por el causante Rafael Suárez Alicea a favor de Gerardo Enrique Olivera Hernández, nieto de la viuda Esther Lydia Gautier Torres, por ser contraria a la prohibición de donaciones por razón de matrimonio.

El recurrido, Ricardo José Suárez Martínez, compareció mediante *Memorando en Oposición a la Expedición del Auto de Certiorari.*

Perfeccionado el recurso y evaluados los escritos de las partes, concluimos que no procede la expedición del auto de *certiorari.*

---

[1] El dictamen es uno interlocutorio que no adjudica de forma final la causa de acción.

I.

El 8 de julio de 2019, don Rafael Suárez Alicea (don Rafael o causante) falleció intestado estando casado con doña Esther Lydia Gautier Torres (doña Esther). A raíz de su deceso, se instó la correspondiente declaratoria de herederos. Mediante *Resolución* dictada el 25 de noviembre de 2020, el TPI determinó que los únicos y universales herederos de don Rafael son sus cuatro hijos, de nombres Ricardo José Suárez Martínez, Miriam Ileana Suárez Martínez, Angie Magali Suárez O'Neill, Orlando Rafael Suárez O'Neill, y su viuda doña Esther Lydia Gautier Torres en la cuota viudal usufructuaria.[2]

Así las cosas, el 17 de marzo de 2021, Ricardo José Suárez Martínez presentó demanda solicitando la partición de la herencia de Don Rafael.[3] Alegó que, desde el fallecimiento de Don Rafael, doña Esther ha residido en una residencia localizada en la Urb. Quintas de Country Club sin el consentimiento de los herederos. El demandante adujo que interesa vivir la vivienda y que doña Esther lo ha privado a él y a sus hermanos de todo disfrute de la propiedad, mueble e inmueble, perteneciente al caudal hereditario de su padre. Por tanto, solicitó los siguientes remedios:(1) la partición judicial de la herencia, (2) que se ordenara a doña Esther desalojar inmediatamente al arrendatario que habita en el segundo piso de la propiedad o, en su defecto, que ésta entregara a los herederos el producto de los cánones del arrendamiento, (3) que se concediera un crédito a los herederos por el tiempo que doña Esther ha ocupado y alquilado la propiedad desde el fallecimiento del causante y (4) la imposición de honorarios de abogados y costas por temeridad.

---

[2] *Ricardo José Suárez Martínez, Ex parte,* civil número CA2020CV02472.
[3] El 27 de abril de 2021, en respuesta a la solicitud de Ricardo José Suárez Martínez, el TPI notificó una *Sentencia Parcial* en la que dio por desistida la causa de acción en cuanto a Miriam Ileana Suárez Martínez, por ésta haber otorgado una escritura de repudiación de la herencia de don Rafael.

Posteriormente, el 9 de mayo de 2021, doña Esther, sin someterse a la jurisdicción del tribunal, presentó *Contestación a Demanda.* En ella, aceptó algunos hechos, negó otros y planteó varias defensas afirmativas. Entre éstas, aseguró que el demandante carecía de una causa de acción en su contra, porque la vivienda no pertenecía al causante al momento del fallecimiento. Explicó que, mediante la Escritura Número Diez (10) de Donación y Aceptación otorgada el 3 de agosto de 2012, ante el notario público Jorge Luis Martín Cintrón Pabón, el causante había donado la referida propiedad a Gerardo Enrique Olivera Hernández, nieto de doña Esther por su anterior matrimonio.

Ante ello, durante la vista celebrada el 8 de septiembre de 2021, el tribunal manifestó que había que incluir, como parte indispensable, al donatario Gerardo Enrique Olivera Hernández.

Así pues, el 13 de septiembre de 2021, Ricardo José Suárez Martínez presentó *Demanda Enmendada.* En ésta, incluyó como codemandado a Gerardo Enrique Olivera Hernández y alegó que la escritura número 10 de donación, antes mencionada, era nula al amparo del Artículo 1287 del Código Civil de Puerto Rico del 1930[4]. Además, señaló que el codemandado Gerardo Enrique Olivera Hernández, no residía en la propiedad. Tampoco había presentado la planilla de donación en la Oficina de Herencia y Donaciones del Departamento de Hacienda (por lo que la donación no cuenta con el correspondiente relevo), ni la escritura de Donación y Aceptación en el Registro de la Propiedad. Por último, arguyó que, para todos los efectos, doña Esther es la dueña de la propiedad, burlando así la prohibición de donación entre cónyuges.

---

[4] 31 LPRA sec.3589 (derogado). El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020, aprobado mediante la Ley Núm. 55 de 1 de junio de 2020, según enmendada, 31 LPRA sec. 5311 *et seq.* Para fines de la presente controversia, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia ante nuestra consideración.

Doña Esther, sin someterse a la jurisdicción del tribunal, contestó la demanda enmendada el 5 de noviembre de 2021. En lo pertinente, como defensas afirmativas sostuvo, entre otras, que: (1) el causante le profesaba una gran estima, respeto y, para todo efecto, fue la figura paternal de su nieto, el donatario; (2) para la fecha de la donación, el donatario mantenía su residencia en la propiedad con el causante mientras cursaba estudios en seminarios conducentes a su ordenación sacerdotal; (3) ni la inscripción en el Registro de la Propiedad ni el relevo del Departamento de Hacienda son requisitos constitutivos del derecho de donación; y (4) ella reside allí con el consentimiento y autorización expresa de su titular.

Por su parte, el codemandado Gerardo Enrique Olivera Hernández presentó su *Contestación a la Demanda Enmendada* el 10 de enero de 2022.

El 23 de agosto de 2022, las partes presentaron *Informe de Conferencia con Antelación al Juicio.* En el mismo, estipularon trece (13) hechos como no controvertidos. El 30 de agosto de 2022, se celebró la Vista de Conferencia con Antelación al Juicio, durante la cual las partes añadieron una (1) estipulación adicional de hecho y también cierta prueba documental.

Posteriormente, el 11 de octubre de 2022, doña Esther y Gerardo Enrique Olivera Hernández conjuntamente presentaron una *Moción Solicitando Sentencia Sumaria Parcial.* En la misma, solicitaron que se dictara sentencia parcial a su favor por no existir controversia sobre la validez de la antes mencionada Escritura Número Diez (10) de Donación y Aceptación de Donación. Sostuvieron que el inmueble objeto de esta acción pertenecía en carácter privativo al causante, habiéndolo adquirido con anterioridad a su matrimonio con doña Esther y teniendo la libre disposición de éste. Además, que el causante cedió en calidad de donación a Gerardo Enrique Olivera Hernández el inmueble, y que

entre éste y el causante no existen vínculos de consanguinidad ni de afinidad. Añadieron que el donatario no era heredero presunto del causante-donante al momento de la donación. Por último, adujeron que siendo el donatario Gerardo Enrique Olivera Hernández titular legal del antes referido inmueble, éste no formaba parte del caudal hereditario de don Rafael, por lo cual, no estaba sujeto a partición.

El 14 de noviembre de 2022, Ricardo José Suárez Martínez presentó *Oposición a "Moción Solicitando Sentencia Sumaria Parcial" y para que se dicte Sentencia Sumaria Parcial a Favor del Demandante.* En síntesis, sostuvo que la donación del causante a favor del nieto de su viuda era nula porque se hizo en violación al Artículo 1287 del Código Civil, *supra*, que prohíbe a un cónyuge realizar donaciones a los hijos del otro cónyuge de diverso matrimonio y a aquellas personas de quienes el cónyuge no donante sea heredero presunto al momento de la donación, y/o se utilizó como subterfugio para burlar la prohibición de donarse entre cónyuges. Por lo cual, el demandante sostiene que, al ser nula *ab initio*, la donación debe ser devuelta al caudal hereditario de don Rafael. En vista de ello, solicitó que se declarara no ha lugar la solicitud de sentencia sumaria presentada por doña Esther y Gerardo Enrique Olivera Hernández. Por ello, igualmente, pidió que se dictara sentencia sumaria a su favor declarando nula la donación y ordenando llevar a cabo la partición de herencia del causante.

Doña Esther y Gerardo Enrique Olivera Hernández presentaron *Réplica a Oposición a Moción Solicitando Sentencia Sumaria Parcial y a Solicitud de Sentencia Sumaria* el 5 de diciembre de 2022. En síntesis, alegaron que no existía controversia en cuanto a la existencia, otorgamiento y contenido de la Escritura de Donación, por tratarse de un documento auténtico notarial. Expresaron que como el donatario Gerardo Enrique Olivera

Hernández no es heredero del causante, no se daba la figura de la colación. También, aseveraron que tampoco se había presentado evidencia alguna a los efectos que el donante-causante no reservara lo necesario para vivir en un estado correspondiente a sus circunstancias y que hubiera dejado de vivir de esa manera luego de la donación. Añadieron que Gerardo Enrique Olivera Hernández no era ni es hijo del cónyuge del causante-donante, ni heredero presunto del causante-donante, al momento de la donación. De otro lado, arguyeron que cuando una donación se realiza *intervivos*, y a un tercero que no es heredero forzoso, el bien en cuestión sale y deja de formar parte del patrimonio del donante desde el momento mismo de la donación, por lo que ya no forma parte de su acervo ni formará por tanto parte de su caudal. En fin, razonaron que el bien inmueble objeto de la acción de epígrafe no forma parte del caudal hereditario del causante y, por lo tanto, no puede ser objeto de partición de herencia. Así que, solicitaron se declarara no ha lugar la oposición y solicitud de sentencia sumaria la parte demandante, y se dictara sentencia sumaria parcial declarando la validez de la escritura de donación.

El 13 de febrero de 2023, el demandante presentó *Moción en Cumplimiento de Orden y en Réplica a "Réplica a Oposición a Moción Solicitando Sentencia Sumaria Parcial y a Solicitud de Sentencia Sumaria".* En la misma, reiteró sus previos argumentos para refutar la solicitud de sentencia sumaria de los codemandados. Además, arguyó que procede dictar sentencia sumaria a su favor declarando nula la escritura de donación, ordenando la partición judicial y declarando titular en partes iguales a los herederos del causante del único bien que poseía: la propiedad objeto de este pleito.

Luego de examinar la totalidad del expediente, el 1 de marzo de 2023, el TPI emitió la *Sentencia* objeto del presente recurso. En

ella, consignó las siguientes determinaciones de hechos, según estipulados por las partes:

1. El causante falleció intestado el día 8 de julio de 2019.

2. El demandante Ricardo José Suárez Martínez, y los codemandados Angie Magali Suarez O'Neill y Orlando Rafael Suárez O'Neill son los herederos de su padre Rafael Suárez Alicea.

3. Esther Lydia Gautier Torres es soltera por viudez de Rafael Suárez Alicea y como tal tiene derecho a la cuota viudal usufructuaria del caudal de Rafael Suárez Alicea que determina la Ley.

4. Rafael Suárez Alicea era el titular registral de la propiedad sita en la Urbanización Quintas de Country Club, solar 1 del Bloque A, Finca número 36,706 de Carolina Norte, a la fecha de su muerte.

5. Miriam Ileana Suárez Martínez repudió la herencia de su padre Rafael Suárez Alicea.

6. Esther Lydia Gautier Torres reside en la antes descrita propiedad.

7. Las contribuciones sobre propiedad inmueble de la propiedad antes descrita no han sido pagadas.

8. Gerardo Enrique Olivera Hernández es nieto de Esther Lydia Gautier Torres.

9. El codemandado donatario, Gerardo Enrique Olivera Hernández, es hijo de Mizraim Hernández Gautier, quien a su vez es hija de la viuda codemandada Lydia Esther Gautier Torres y por consecuencia el primero es nieto de esta última.

10. Que, bajo la fe notarial del notario oficiante, dicho donatario codemandado compareció en la escritura representado por su madre Mizraim Hernández Gautier por ser menor de edad.

11. Gerardo Enrique Olivera Hernández, no reside en la propiedad antes descrita.

12. La escritura de Donación y Aceptación número 10 del 3 de agosto de 2012 ante el notario Jorge Luis Martín Cintrón Pabón no consta presentada en el Registro de la Propiedad.

13. La escritura de Donación y Aceptación número 10 del 3 de agosto de 2012, ante el notario Jorge Luis Martín Cintrón Pabón no cuenta con certificado de cancelación de gravamen tributario expedido por el Departamento de Hacienda del Estado Libre Asociado de Puerto Rico.

14. Mizraim Hernández Gautier es hija de la codemandada Lydia Esther Gautier y es madre del joven donatario, Gerardo Enrique Olivera Hernández.

A continuación, el TPI concluyó que el Artículo 1287 Código Civil de 1930 (derogado), *supra,* aplicable al presente caso, expresamente prohibía a un cónyuge donar durante el matrimonio a los hijos que el otro cónyuge tenga de diverso matrimonio, o a las personas de quienes sea heredero presunto. Conforme a la interpretación doctrinal del tratadista José Ramón Vélez Torres, el TPI coligió que el antes mencionado artículo del Código Civil de 1930 se refería a donaciones hechas a los descendientes del otro cónyuge, sean hijos o nietos. Por consiguiente, resolvió que es nula la donación del inmueble hecha por don Rafael a favor del nieto de doña Esther, Gerardo Enrique Olivera Hernández, por contravenir la prohibición contenida en el artículo 1287 del Código Civil, *supra.* De tal forma, dictó sentencia declarando nula la Escritura Número 10 de Donación y Aceptación otorgada el 3 de agosto de 2012 ante el notario público Jorge Luis Martín Cintrón Pabón. Al así actuar, implícitamente, declaró con lugar la moción de sentencia sumaria parcial presentada por Ricardo José Suárez Martínez y denegó la moción de sentencia sumaria de los codemandados doña Esther y Gerardo Enrique Olivera Hernández.

En virtud de lo anterior, el TPI ordenó que la residencia localizada en la Urb. Quintas de Country Club fuera devuelta al caudal hereditario de don Rafael. También ordenó la partición de la herencia de dicho causante entre sus únicos y universales herederos, Ricardo José Suárez Martínez, Angie Magali Suárez O'Neill, Orlando Rafael Suárez O'Neill, y doña Esther en la cuota viudal usufructuaria. El TPI excluyó a Miriam Ileana Suárez Martínez, por ésta haber repudiado la herencia.

El 20 de marzo de 2023, doña Esther y Gerardo Enrique Olivera Hernández presentaron una *Moción Solicitando*

*Determinaciones Adicionales de Hechos y Conclusiones de Derecho y Reconsideración de Sentencia.* Mediante *Resolución* emitida el 1 de mayo de 2023, y notificada el 2 de mayo de 2023, el TPI denegó la referida solicitud.

Inconforme, el 31 de mayo de 2023, los mencionados codemandados incoaron el presente recurso y apuntaron los siguientes señalamientos de error:

A. Erró el TPI en su interpretación de las claras disposiciones del Código Civil y como consecuencia de dicho error declarar nula la Escritura Número 10 de Donación y Aceptación otorgada el 3 de agosto de 2012 ante el Notario Público Jorge Luis Martín Cintrón Pabón y determinar que la propiedad objeto del litigio debe ser devuelta al caudal hereditario de don Rafael Suárez Alicea.

B. Erró el TPI al no determinar que el Código Civil no establece una prohibición a las donaciones a los nietos del cónyuge cuando no media relación de afinidad ni consanguinidad entre el donante y el donatario.

C. Erró el TPI al no determinar que el Código Civil no establece una prohibición a las donaciones a los nietos del cónyuge producto de un diverso matrimonio.

D. Erró el TPI al no determinar que el Código Civil no establece una prohibición a las donaciones a las personas de quienes no sea heredero presunto al tiempo de la donación.

E. Erro el TPI al denegar la Moción Solicitando Determinaciones Adicionales de Hechos y Conclusiones de Derecho y Reconsideración radicada por los demandados-recurrentes.

Por su parte, en su *Memorando en Oposición a la Expedición del Auto de Certiorari,* Ricardo José Suárez Martínez expone las razones por las cuales entiende que este Tribunal no debe intervenir con el dictamen impugnado.

II.

-A-

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones

interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[5]

La Regla 52.1 de Procedimiento Civil[6], nos faculta a revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo es la denegatoria de una moción de sentencia sumaria.

Sin embargo, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[7], se justifica nuestra intervención. A tenor con ésta, este foro apelativo no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [hubiera actuado] con prejuicio y parcialidad, o que se [hubiera equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[8] Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario.[9] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

-B-

La donación es un acto de liberalidad por el cual una persona dispone gratuitamente de una cosa a favor de otra que la acepta.[10] No obstante, el Artículo 1287 del Código Civil de 1930, *supra,*

---

[5] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[6] 32 LPRA Ap. V, R. 52.1.
[7] 4 LPRA Ap. XXII-B, R. 40.
[8] *Lluch v. España Service,* 117 DPR 729, 745 (1986).
[9] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).
[10] Art. 558 del Código Civil de 1930, 31 LPRA sec. 1981 (derogado).

aplicable a los hechos de este caso, dispone que "[s]erá nula toda donación hecha durante el matrimonio por uno de los cónyuges a los hijos que el otro cónyuge tenga de diverso matrimonio, o a las personas de quienes sea heredero presunto al tiempo de la donación".

III.

Al evaluar la petición de *certiorari,* concluimos que, aun cuando el asunto está contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, la solicitud de la parte peticionaria no cumple con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 40.

En síntesis, Doña Esther y Gerardo Enrique Olivera Hernández aducen que el TPI interpretó de manera errónea el Artículo 1287 del derogado Código Civil de 1930. Sin embargo, no presentaron argumentos que demuestren que, al emitir su determinación, el TPI actuara de forma arbitraria o caprichosa, o en abuso de su discreción o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho. Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

IV.

A la luz de lo antes expuesto, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones